C. W. STUART & Co. *vs.* SIXTH DISTRICT COURT.

JANUARY 11, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J.   This is a petition for a writ of error brought to review and to reverse the disallowance of certain costs incidental to the sale of attached property by a justice of the sixth district court.   We issued the writ and pursuant thereto the pertinent records have been duly certified to this court.

It appears therefrom that C. W. Stuart & Co., a New York corporation, hereinafter referred to as the petitioner, commenced an action in assumpsit in the sixth judicial district court against Alfred A. Piacent for goods sold and delivered.   The defendant failed to answer and was defaulted. Upon the filing of an affidavit in proof of claim and non-military service, judgment was entered for petitioner in the sum of $140, together with costs amounting to $4.45.

It further appears that on May 16, 1960, an alias execution was issued by said court.   Pursuant thereto, levy was made against certain real estate standing in the name of the defendant Piacent and located in the city of Warwick. The record further discloses that notice of intention to sell the real estate in the event the execution remained unsatisfied was duly published in the Pawtuxet Valley Daily Times for three consecutive weeks by deputy sheriff Daniel G. Head, Jr. of Kent county.   On November 18, 1960, the date

fixed for the sheriff's sale, the execution remained unsatisfied and the property was sold at public auction for $1, such being the only bid.

The sheriff's return shows that his fees authorized by G. L. 1956, chapter 29 of title 9, together with such costs as newspaper advertising, amounted to $32.66. Thereupon petitioner applied for a first pluries writ of execution, and then moved to include as additional costs those fees, charges and expenses incidental to the sale of the real estate and amounting to $32.66 as aforesaid.

It is petitioner's contention that the district court erred in refusing to allow the additional costs. It argues that by virtue of G. L. 1956, §9-26-16, such costs are clearly recoverable. This provision is as follows:

"The officer shall give public notice of said levy and of the intended sale of said real estate or interest therein under said levy by causing an advertisement thereof to be published once a week for the space of three (3) weeks next before the time of such sale in some public newspaper published in the county where the said real estate lies, and if no such public newspaper be published therein, then in some public newspaper published daily in the city of Providence, and, if no person redeem said real estate or interest therein before the same shall be exposed for sale, which said sale shall not be earlier than three (3) months after such levy, said officer shall sell the same, or so much thereof as shall be sufficient to satisfy the judgment obtained and the costs and charges, at public auction, and a deed thereof, by him given, shall vest in the purchaser all the estate, right and interest which the debtor had therein at the time said estate was attached, or in case there was no attachment, all the estate, right and interest which the debtor had at the time said levy was made, and the surplus of money that shall arise from the sale of said real estate or interest therein after satisfying the execution and the costs and charges, shall be deposited with the general treasurer for the owner thereof, and shall be liable to be attached for his other debts."

Although the section relied upon clearly provides for the recovery of the costs in question where the amount realized by the sale is sufficient to include them, it is only by implication that it can be argued that such costs are recoverable when the amount realized is less than sufficient to satisfy the judgment and costs. We are of the opinion, however, that the provision quoted should be construed to mean that such costs as are here in dispute may, rather than shall, be taxed to a pluries execution.

The legislature was aware of and clearly recognized the problems which might be involved in such a situation. It provided by the enactment of G. L. 1956, §9-22-5, for a determination by the court from which the writ had issued whether in its discretion the instant costs should be allowed. This section reads as follows:

> "In civil actions at law, the party prevailing shall recover costs, except where otherwise specially provided, or as justice may require, in the discretion of the court."

The legislature recognized the wisdom of providing that the prevailing party should proceed with caution and not recklessly or unnecessarily incur such additional costs. In *Superior Glass Co.* v. *District Court of Sixth Judicial District,* 48 R. I. 4, this court held that it would be an abuse of discretion to permit recovery of costs arising from the keeping and storage of attached personalty, where a bond for the release of the attachment had been offered to and refused by the attaching officer. Even though the attaching officer has the duty of determining whether the bond is satisfactory and the court from which the execution issued is without authority to determine the validity of the bond, the refusal to accept it by the officer is open to the determination of whether his refusal was arbitrary.

In *McCusker* v. *Mitchell,* 20 R. I. 13, this court acting sua sponte denied costs where in a writ of arrest the ad damnum was laid at $5,000 and on the plaintiff's own statement of

the case his damages could not have exceeded $1,000. There the court apparently felt that by virtue of the ad damnum the defendant was unnecessarily put to the expense of providing excessive bail.

The sole issue before us, therefore, is whether in the circumstances as related the district court was justified in exercising discretion adversely to petitioner's claim of the costs in question. Either it gave no reasons in support of its action or they have not been made available to us. We have, therefore, carefully searched the record in order to make an independent determination of whether it was warranted in refusing to allow the additional $32.66 in costs.

It would seem to be elementary that to justify such expenses as were here incurred the sale of the property should reasonably be expected to yield such sum as would partially if not completely satisfy the judgment for which execution issued. We find it difficult to reconcile a single bid of $1 with a prudent anticipation that the sale could reasonably be expected to justify the expense involved. It would, it seems to us, be unjust to allow as costs expenses incurred in what, judging from the results, must have inevitably alerted petitioner to be an unprofitable levy.

We are of the opinion, therefore, that the district court did not abuse its discretion in denying the petitioner's claim.

The petition for a writ of error is denied, the writ heretofore issued is quashed, and the pertinent records certified to this court are ordered returned to the respondent court.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.