[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is plaintiff's motion to tax costs pursuant to R.C.P. 54 and G.L. 1956, (1985 Reenactment) §§ 9-22-18 and9-22-21.
In this personal injury suit, the plaintiff, Michael DeSantis et al., (plaintiff), a postal carrier, was injured as he delivered mail to the defendant, Norbell Realty Corporation's (defendant), premises. As the plaintiff descended the front porch stairs of the defendant's premises, the stairs collapsed beneath him causing the plaintiff injury. The jury returned a verdict in favor of the plaintiff.
Plaintiff as prevailing party here requests this Court to tax and approve costs totalling $4,378.50, as those which are taxable to the defendant. Specifically, plaintiff requests the taxing of the following costs:
 1. Fee for copying medical records.
 2. Fee for filing suit in Superior Court.
 3. Fee for Sheriff of Providence County.
 4. Fee for expert witness' report.
 5. Fees for certified mail.
 6. Fees for depositions, including videotaped deposition.
 7. Color Lab fees.
 8. Constable service fees.
 9. Expert witness fees.
 10 Videographer fee.
R.C.P. 54(d) provides that "costs shall be allowed as of course to the prevailing party as provided by statute and by these rules unless the court otherwise specifically directs." Statutory authority for R.C.P. 54(d) is found in G.L. § 9-22-18
which gives the justice of any court the power to disallow any cost that appears to be overcharged, frivolous, or not material to the issue of the case. Where the statute does not define the items to be recoverable as costs, the allowance or disallowance of particular costs is confided primarily to the discretion of the trial court. 20 Am Jur 2d § 52.
R.C.P. 54(f) and G.L. § 9-22-21 specifically address the issue of costs on depositions stating that "the taxation of costs in the taking of depositions shall be subject to the discretion of the court. . ." U W. Stuart Co. v. Sixth Dist. Court,93 R.I. 478, 176 A.2d 729 (1962). Additionally, any cost incurred which is excessive is subject to prior court approval as well as being within the sound discretionary power of the court. G.L. §9-22-21.
In its determination of whether to allow or disallow the taxation of certain costs, the court may examine the nature of the cost and determine if it was necessary for the presentation of the case. The Court may also consider the duplicative and cumulative nature of the work product. Accordingly, this Court allows the fee for filing suit in Superior Court, the fee for the Sheriff of Providence County and all Constable fees and awards the Plaintiff costs in the amount of $114.00.
Furthermore, this court denies the plaintiff's request to tax costs regarding the fees for copying medical records; certified mail fees; deposition fees, including the videotaped deposition; expert witness' fees; color lab fees; and videographer fees.
For the reasons herein above set out, plaintiff's motion is granted in part and denied in part.
Counsel shall prepare the appropriate order in accordance with the above decision.